```
               UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF VIRGINIA
                      Norfolk Division
```

**LETAY MALIK EVANS,**

        **Petitioner,**

                                  **CIVIL ACTION NO. 2:06cv140**

**v.**                             **[ORIGINAL CRIMINAL NO. 2:04cr218]**

**UNITED STATES OF AMERICA,**

        **Respondent.**

### MEMORANDUM OPINION AND FINAL ORDER

This matter comes before the court on petitioner Letay Malik Evans' ("Evans") motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the motion is **DENIED**.

### I. Factual and Procedural History

In the early morning hours on May 23, 2004, a gunfight occurred between rival gang members in the 2300 block of Princess Anne Road in Norfolk, Virginia. During the gunfight, one individual was killed and two others were wounded. On May 28, 2004, Norfolk police detectives interviewed one of the wounded individuals, who advised the detectives that Evans was involved in the gunfight. A warrant was then obtained for Evans' arrest.

On the evening of May 28, 2004, Norfolk police officers stopped a vehicle in the 3100 block of Llewellyn Avenue in Norfolk, Virginia, and found Evans sitting in the seat behind the driver. The officers arrested Evans on the outstanding warrant, and detained the other three occupants of the vehicle for questioning.

A search of the vehicle uncovered a firearm in plain view on the floor board behind the driver's seat, a second firearm underneath the rear portion of the driver's seat, and a third firearm under the front passenger's seat.

On June 7, 2004, after failing a polygraph examination and being advised of his rights, Evans admitted to firing four shots with a .32 caliber firearm during the gunfight on Princess Anne Road on May 23, 2004. Evans, who had two prior felony drug convictions, was charged with Felon in Possession of a Firearm. See 18 U.S.C. § 922(g)(1). He pleaded guilty to this offense, pursuant to a written plea agreement, on December 14, 2004.

On February 7, 2005, a Presentence Investigation Report ("PSR") was prepared, and an addendum to the report was prepared on March 7, 2005. The PSR recommended a total offense level of 19, reflecting both a two-level enhancement because the offense involved three firearms, see U.S.S.G. § 2K2.1(b)(1)(A) (2004), and a three-level reduction for Evans' acceptance of responsibility for his conduct, see id. § 3E1.1. The PSR assigned Evans fifteen criminal history points for a criminal history category of VI. With an offense level of 19 and a criminal history category of VI, Evans faced a recommended guideline range of 63-78 months. See PSR at ¶ 61, Worksheet D.

At his sentencing hearing on March 30, 2005, Evans objected to the recommended two-level enhancement to his offense level,

pursuant to U.S.S.G. § 2K2.1(b)(1)(A), based on the involvement of three firearms in the offense. See Tr. Proceedings held on March 30, 2005 (filed May 10, 2006) at 17-19. To prove that three firearms were involved in the offense, the government presented the testimony of one of the Norfolk police officers who stopped the vehicle that Evans was riding in on May 28, 2004, arrested Evans, and uncovered the firearms from the vehicle. See id. at 19-26. The officer testified that two of the firearms were found where defendant's feet would have been when he was sitting in the vehicle. See id. at 21-23. The government also presented the testimony of an ATF task force officer who questioned the other occupants of the vehicle. See id. at 27-33. The ATF officer testified that the other occupants indicated that Evans brought the firearms into the vehicle. See id.

Based on the officers' credible testimony, the court found by a preponderance of the evidence that the offense involved the .32 caliber firearm defendant shot during the gunfight on May 23, 2004, and the offense involved the two firearms uncovered from the vehicle on May 28, 2004, in the area where defendant's feet would have been when he was sitting in the vehicle. See id. at 42-45. Having made the necessary findings of fact, the court determined that the recommended two-level enhancement to Evans' offense level based on the involvement of three firearms in the offense was appropriate. See id. at 45. The court concluded that the

guideline range recommended in the PSR was correct, and the court declared that it would treat that range as advisory in accordance with the Supreme Court's directive in United States v. Booker, 543 U.S. 220 (2005). See Tr. Proceedings held on April 14, 2005 (filed on April 13, 2006) at 38.[1]  Considering the advisory guideline range along with the factors set forth in 18 U.S.C. § 3553, the court determined that a sentence of 100 months imprisonment was reasonable and appropriate. See id. at 38-46.[2]  Evans did not file a direct appeal.

On March 10, 2006, Evans filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255.  In this motion, Evans challenges only his receipt of the two-level enhancement to his offense level, pursuant to U.S.S.G. § 2K2.1(b)(1)(A), based on the involvement of three firearms in the offense, contending that "there was no factual finding in support thereof consistent with United States v. Booker, 125 Supreme Court, 738 (2005) and United States v. Hughes, 396 F.3d 374, Fourth Circuit (2005)." Mot. at 5.  Evans filed an amended § 2255 motion on March 31, 2006.  In this amended motion, Evans challenges the

---

[1] Evans' sentencing hearing, which began on March 30, 2005, was continued to April 14, 2005.  Judgment was imposed at the close of the April 14, 2005, hearing.

[2] For a complete recitation of the court's consideration of the factors set forth in 18 U.S.C. § 3553, see the transcript of the sentencing proceedings. See Tr. Proceedings held on April 14, 2005 (filed on April 13, 2006) at 38-46.

same enhancement, arguing only that it was inappropriate under U.S.S.G. § 2K2.1(b)(1)(A).  Am. Mot. at 5.

The government responded to Evans' motions on May 2, 2006, contending that the motions must be denied as Evans has shown no cause for his procedural default.  The court has throughly reviewed the record in this case, and finds a hearing unnecessary to its determination of Evans' motions.  See 28 U.S.C. § 2255 (providing that the court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief").

## II. Analysis

A prisoner seeking to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255, must prove that his sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255.  Because a § 2255 proceeding is a civil collateral attack upon a judgment of conviction, the burden of proof is upon the petitioner to establish his grounds for § 2255 relief by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

Collateral review under § 2255 is not a substitute for direct appeal, which is the proper procedural avenue for raising most

5

claims of trial error.  See United States v. Frady, 456 U.S. 152, 165 (1982) ("[A] final judgment commands respect.  For this reason, we have long and consistently affirmed that a collateral challenge may not do service for an appeal"); Sunal v. Large, 332 U.S. 174, 177 (1947) ("The normal and customary method of correcting errors of the trial is by appeal").  Accordingly, errors that should have been but were not pursued on direct appeal are procedurally defaulted and may not be pursued in a § 2255 motion unless the petitioner satisfies the "cause and actual prejudice" standard articulated in United States v. Frady:  the petitioner must show both (1) "cause" excusing his procedural default and (2) "actual prejudice" resulting from the errors of which he complains.  Frady, 456 U.S. 152, 167-68 (1982); see also United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999).[3]

"The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." Mikalajunas, 186 F.3d at 493.  "Actual prejudice" results only from errors that

---

[3] A defaulted claim may be pursued in a § 2255 motion without a showing of cause and actual prejudice, if the petitioner demonstrates that a "miscarriage of justice" would result from the court's refusal to entertain the claim.  United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999).  "[T]he mere misinterpretation or application of a guideline provision generally does not amount to a miscarriage of justice that warrants relief under § 2255."  Id. at 496-97.  Accordingly, Evan's claim, which challenges a guideline application, may not pursued in a § 2255 motion without a showing of cause and actual prejudice.

worked to the petitioner's "<u>actual</u> and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." <u>Frady</u>, 456 U.S. at 170. The court need not address both components of the <u>Frady</u> standard, if the petitioner makes an insufficient showing on one. <u>Id.</u> at 168.

Evans has made no showing of cause for his procedural default. A challenge to the application of a guideline provision is not novel, and Evans has not alleged that his counsel's assistance was constitutionally ineffective. Therefore, Evans may not pursue his claims in a § 2255 motion. <u>See</u> <u>Frady</u>, 456 U.S. at 167-68; <u>Mikalajunas</u>, 186 F.3d at 492-93. Even were his claims not procedurally barred, they would fail on their merits. The court's finding by a preponderance of the evidence that three firearms were involved in the offense was made in accordance with both <u>United States v. Booker</u>, 543 U.S. 220 (2005); and <u>United States v. Hughes</u>, 401 F.3d 540 (4th Cir. 2005). <u>See</u> <u>Booker</u>, 543 U.S. at 233 (stating that when the guidelines are treated as advisory, "the defendant has no right to a jury determination of the facts that the judge deems relevant"); <u>Hughes</u>, 401 F.3d at 556 (holding that "the first step for sentencing courts [in the wake of <u>Booker</u>] is to determine the range prescribed by the guidelines after making such findings of fact as are necessary"). Moreover, since three firearms were involved in the offense, a two-level enhancement is plainly appropriate under U.S.S.G. § 2K2.1(b)(1)(A). <u>See</u> U.S.S.G.

§ 2K2.1(b)(1)(A) (providing for a two-level increase in offense level if the offense involved three to seven firearms).

### III. Conclusion

For the reasons stated above, Evans' motion and amended motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 are **DENIED**. Evans is **ADVISED** that he may appeal from this Memorandum Opinion and Final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, 600 Granby Street, Norfolk, Virginia, 23510. The written notice of appeal must be received by the Clerk within sixty (60) days of the date of this Memorandum Opinion and Final Order.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Final Order to Evans and to the Assistant United States Attorney.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith

Norfolk, Virginia

August 1, 2006